IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JANE A. TOOMBS, | ) |
| | ) |
|         Plaintiff, | ) |
| | ) |
| vs. | )   CIVIL NO. 11-761-GPM |
| | ) |
| WALMART, | ) |
| | ) |
|         Defendant. | ) |

# **MEMORANDUM AND ORDER**

**MURPHY, District Judge:**

      This matter is before the Court on the motion of Plaintiff Jane A. Toombs for remand of this case to state court (Doc. 7). *See Kurz v. Fidelity Mgmt. & Research Co.*, No. 07-CV-592-JPG, 2007 WL 2746612, at *1 (S.D. Ill. Sept. 18, 2007) ("The limited nature of federal subject matter jurisdiction imposes on federal courts a duty to examine their jurisdiction at every stage of a proceeding, sua sponte if need be."); *Kuntz v. Illinois Cent. R.R Co.*, 469 F. Supp. 2d 586, 588 (S.D. Ill. 2007) ( "Because a federal court's jurisdiction is limited, [the court] has a nondelegable duty to police the limits of federal jurisdiction with meticulous care.") (quotation omitted). Mrs. Toombs claims that she suffered personal injuries when, allegedly as a result of negligence on the part of employees of Defendant WalMart, boxes containing vacuum cleaners fell on Mrs. Toombs while she was shopping at a store owned and operated by WalMart in Collinsville, Illinois, on November 27, 2009. Mrs. Toombs filed this action originally in the Circuit Court of the Third Judicial Circuit, Madison County, Illinois, and the case has been removed to this Court by WalMart, which asserts the existence of federal subject matter jurisdiction on the basis of diversity of citizenship pursuant to 28 U.S.C. § 1332. Mrs. Toombs has moved for remand by reason of the untimeliness of WalMart's removal. The Court now rules as follows.

Removal is governed by 28 U.S.C. § 1441, which provides, in pertinent part, that "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a). In other words, "[a] defendant may remove a case to federal court only if the federal district court would have original subject matter jurisdiction over the action." *Disher v. Citigroup Global Mkts. Inc.*, 419 F.3d 649, 653 (7th Cir. 2005), *vacated on other grounds*, 548 U.S. 901 (2006). *See also Boyd v. Phoenix Funding Corp.*, 366 F.3d 524, 529 (7th Cir.2004) (removal is proper if it is based on permissible statutory grounds and if it is timely). A removing defendant, as the party invoking federal jurisdiction, has the burden of establishing such jurisdiction. *See Schur v. L.A. Weight Loss Ctrs., Inc.*, 577 F.3d 752, 758 (7th Cir. 2009); *Yount v. Shashek*, 472 F. Supp. 2d 1055, 1057 (S.D. Ill. 2006). "Courts should interpret the removal statute narrowly and presume that the plaintiff may choose his or her forum." *Vogel v. Merck & Co.*, 476 F. Supp. 2d 996, 998 (S.D. Ill. 2007) (quoting *Doe v. Allied-Signal, Inc.*, 985 F.2d 908, 911 (7th Cir. 1993)). Said differently, "there is a strong presumption in favor of remand." *Bourda v. Caliber Auto Transfer of St. Louis, Inc.*, Civil No. 09-519-GPM, 2009 WL 2356141, at *2 (S.D. Ill. July 31, 2009) (citing *Jones v. General Tire & Rubber Co.*, 541 F.2d 660, 664 (7th Cir. 1976)). *See also Stephens v. A.W. Chesterton, Inc.*, Civil No. 09-633-GPM, 2009 WL 3517560, at *1 (S.D. Ill. Oct. 22, 2009) ("Any doubts about the propriety of removal must be resolved against removal and in favor of remand to state court."); *Littleton v. Shelter Ins. Co.*, No. 99-912-GPM, 2000 WL 356408, at *1 (S.D. Ill. Mar. 9, 2000) ("The removal statute, 28 U.S.C. § 1441, is construed narrowly, and doubts concerning removal are resolved in favor of remand."). With this standard in mind, the Court turn to consideration of Mrs. Toombs's remand motion.

In general, of course, "[t]he notice of removal of a civil action or proceeding shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based[.]" 28 U.S.C. § 1446(b). Removal based on federal diversity jurisdiction requires that there be complete diversity of citizenship among the parties to an action, that is, no plaintiff is a citizen of the same state as any defendant, and an amount in excess of $75,000.00, exclusive of interest and costs, is in controversy. *See* 28 U.S.C. § 1332(a)(1); *Smith v. American Gen. Life & Accident Ins. Co.*, 337 F.3d 888, 892 (7th Cir. 2003). In this instance, the record reflects that on May 25, 2011, Mrs. Toombs's counsel sent WalMart a demand later stating that Mrs. Toombs had lived in Collinsville for eighteen years. For purposes of federal diversity jurisdiction, "[c]itizenship is determined on the basis of domicile[.]" *Pollution Control Indus. of Am., Inc. v. Van Gundy*, 21 F.3d 152, 155 n.4 (7th Cir. 1994). Too, "[t]he place where a man lives is properly taken to be his domicile until facts adduced establish the contrary." *District of Columbia v. Murphy*, 314 U.S. 441, 455 (1941). Thus, WalMart, a corporation incorporated under Delaware law with its principal place of business in Arkansas, was on notice of the existence of complete diversity of citizenship in this case. With respect to the amount in controversy, Mrs. Toombs's May 2011 demand letter stated that she had incurred medical bills in the amount of $66,028.40 and lost wages of approximately $10,196.00 as a result of the alleged accident at the WalMart store in Collinsville in November 2009. The United States Court of Appeals for the Seventh Circuit has suggested several possible methods of calculating the jurisdictional amount in controversy, including reference to a plaintiff's informal estimates or settlement demands. *See Meridian Sec. Ins. Co. v. Sadowski*, 441 F.3d 536, 541-42 (7th Cir. 2006). In *Rising-Moore v. Red Roof Inns, Inc.*, 435 F.3d 813 (7th Cir. 2006), a case involving a slip-and-fall at a motel, at the start of litigation the plaintiff's

lawyer told the defendant's counsel that his claim was worth between $180,000.00 and $200,000.00, and demanded $160,000.00 to settle the case. *See id*. at 815. However, the plaintiff sustained only $10,000.00 in direct medical costs and later dropped his settlement offer to $60,000.00. *See id*. at 816. The Seventh Circuit Court of Appeals held nonetheless that the plaintiff's initial estimate of his damages as being between $180,000.00 and $200,000.00 established the amount in controversy and concluded that diversity jurisdiction existed. *See id.* The *Rising-Moore* court explained: "The $180,000 to $200,000 estimate is close in spirit to the *ad damnum* in a complaint; it makes sense to give it the same legal status. That the complaint is 'early' in the case, and precedes discovery, does not diminish the jurisdictional effect of the demands it contains; no more does the timing of counsel's estimate rob it of consequence." *Id*. Here, the estimate of Mrs. Toombs's damages contained in her May 2011 demand letter put WalMart on notice that the amount in controversy in this case exceeds $75,000.00, exclusive of interest and costs. Thus, WalMart's removal of this case on August 24, 2011, over a month after WalMart was served with Mrs. Toombs's complaint on July 7, 2011, was untimely.[1] A failure to effect timely removal is a procedural defect in removal, not a jurisdictional one, and it is waived unless a plaintiff raises an objection to the defect in removal not later than thirty days from the date of removal. *See* 28 U.S.C. § 1447(c); *In re Continental Cas. Co.*, 29 F.3d 292, 293-95 (7th Cir. 1994); *Welch v. Norfolk S. Ry. Co.*, Civil No. 09-209-GPM, 2009 WL 2365596, at *3 (S.D. Ill. May 27, 2009). Mrs. Toombs has objected to the untimeliness of the removal of this case within thirty days from the date the case was removed. This case will be remanded to state court.

---

1. The Court is aware that only formal service of process sets in motion the time to remove. *See Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 353-54 (1999); *Brown v. Lirios*, 391 Fed. Appx. 539, 541 (7th Cir. 2010). However, as discussed, at the time WalMart was formally served with Mrs. Toombs's complaint, it already was on notice that this case satisfied the prerequisites for federal diversity jurisdiction.

To conclude, Mrs. Toombs's motion for remand on this case to state court (Doc. 7) is **GRANTED**. Pursuant to 28 U.S.C. § 1447(c), this action is **REMANDED** to the Circuit Court of the Third Judicial Circuit, Madison County, Illinois, by reason of a procedural defect in removal, to wit, the untimeliness of the removal, to which Mrs. Toombs has raised a timely objection. The Clerk of Court is directed to transmit a copy of this order to the clerk of the state court and to close the file of this case.

**IT IS SO ORDERED.**

DATED: September 23, 2011

/s/ G. Patrick Murphy
G. PATRICK MURPHY
United States District Judge